IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TERESA LYNN LOVEJOY,

        Plaintiff,

v.                                   CIVIL ACTION NO.   3:13-8325

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINON AND ORDER**

        This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that Plaintiff Teresa Lynn Lovejoy's motion for judgment on the pleadings be denied, that the like motion of Defendant Carolyn W. Colvin be granted, and the decision of the Commissioner denying Plaintiff Disability Insurance Benefits and Widow's Insurance Benefits be affirmed.   Plaintiff objects to the Findings and Recommendation.

        This Court's review of a final agency decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached under the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).   "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be

conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, a court's review is limited to whether the Administrative Law Judge (ALJ) considered the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

As set forth by the Magistrate Judge, the Social Security Regulations follow a "five-step sequential evaluation process" to determine disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2012). If a claimant is found "disabled or not disabled" at any point, it is unnecessary to make further inquiry. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). The first step in the process is to determine whether a claimant is engaged in substantial gainful employment. *Id*. at §§ 404.1520(a)(4)(i) & (b), 416.920(a)(4)(i) & (b). If the claimant is not engaged in substantial gainful employment, the second step is to determine whether the claimant suffers from a severe impairment. *Id*. §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). If a severe impairment is found, the third step is to determine whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d). If a claimant meets step three, the claimant is disabled and awarded benefits. *Id*. If the claimant does not meet step three, the fourth step is to decide whether the impairments prevent the claimant from performing past relevant work. *Id*. §§ 404.1520(a)(4)(iv) & (e), 416.920(a)(4)(iv) & (e). If a claimant satisfies step four, there is a prima facie case of disability, and the burden shifts to the

Commissioner. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fifth step is then to determine whether the claimant is able to perform other types of substantial gainful activity, considering the claimant's physical and mental capacities, age, education, and prior work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & (f), 416.920(a)(4)(v) & (f). It is the Commissioner's burden to show (1) the claimant has the capacity to perform another job considering the claimant's age, education, work experience, skills, and physical shortcomings and (2) the specific alternative job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this case, the ALJ found at step three that Plaintiff did not meet or equal the criteria of Listings at Section 1.04. In full, the ALJ stated:

> The claimant's degenerative disc disease is evaluated under Section 1.04 of the Listing of Impairments for disorders of the spine. However, the claimant does not have evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis as required by the Listing.

*Decision of the ALJ*, at 6 (Feb. 9, 2012) (ECF No. 9, at 21). Pursuant to Section 1.04 of the Listings, a spine disorder, such as spinal stenonsis and degenerative disc disease, which compromises a nerve root or the spinal cord, must manifest itself in particular ways. Section 1.04 provides, in part, a claimant must have a disorder of the spine, with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> OR

> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Part 404, subpart P, App. 1, § 1.04, in part. Plaintiff argues the ALJ's finding she did not meet a Listing under Section 1.04 is clearly wrong based upon her medical records. Specifically, Plaintiff points to an MRI of her cervical spine reviewed by Dr. Weinsweig, which showed she suffers from "spondylosis, degenerative changes and significant impingement upon the thecal sac as well as reversal of the normal cervical lordosis." *Letter to Dr. Charles Bukovinsky from Dr. David Weinsweig*, at 2 (Oct. 15, 2010) (ECF No. 9-3, at 27). In addition, Dr. Weinsweig found she has "fairly significant stenosis, particularly at C5/6" and "suffers from cervical radiculopathy." *Id*.

Upon review, the Magistrate Judge mentioned Dr. Weinsweig's review of the MRI, but the Magistrate Judge also noted that, upon examination of Plaintiff, Dr. Weinsweig found she "had full range of cervical and lumbar range of motion, full motor strength, intact sensation, and straight leg raising did not bother her. At most, Dr. Weinsweig noted that Claimant woke up, at times, with both arms numb and experienced some tingling." *Proposed Findings and Recommendations*, at 20 (ECF No. 13). Therefore, the Magistrate Judge found the ALJ's

decision at step three was supported by substantial evidence. In her objections, Plaintiff argues the Magistrate Judge erred in searching through the record and making a post hoc rationale to support the ALJ's decision, which the ALJ herself never made.

The Court agrees with Plaintiff that it is not the role of the courts to search for evidence and articulate reasons for a decision which were not furnished by the ALJ. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 WL 2382303, *2 (E.D. N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 WL 4368547, *4 (D. S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). "At a minimum, the ALJ should identify the relevant listed impairments and compare the listed criteria to the evidence of the claimant's impairments." *Rhinehardt*, 2013 WL 2382303, at *2 (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943) (stating "the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." 734 F.3d at 295 (citation omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id*. (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

As stated by Dr. Weinsweig, Plaintiff's MRI did show she suffered from spondylosis, degenerative changes with impingement, and significant stenosis of her cervical spine. However, the ALJ gave absolutely no explanation in her step three analysis as to why these conditions did not meet or equal the requirements of the Listing. Later in the decision, the ALJ discussed Dr. Weinsweig's findings in determining that Plaintiff had the residual capacity to work under step four, but such discussion does not alleviate the ALJ from doing any analysis whatsoever at step three. The ALJ's mere conclusory statement that Plaintiff's degenerative disc disease did meet the Listing is simply insufficient. Thus, pursuant to *Radford*, this Court must remand this issue back to the agency for further consideration and explanation of the reasons why Plaintiff does or does not meet or equal a Listing based upon the evidence. If Plaintiff meets the Listing at step three, she is found to be disabled and benefits are awarded without proceeding to step four.

Plaintiff's second objection is to the ALJ giving little weight to a Medical Assessment of Ability to Do Work-Related Activities (Physical) form completed by her treating physician, Charles Bukovinsky, M.D, at step four of the evaluation process. The Court declines to address this objection because, if Plaintiff meets the Listing at step three, she is found to be disabled and benefits are awarded without proceeding to step four.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's objections, in part, **REVERSES** the decision of the Commissioner, and **REMANDS** this action to the Commissioner for further proceedings consistent with Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:        September 26, 2014

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE